# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | Case No.09-21178-TLM |
| DEBORAH LOY LINDE, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 10-07007-TLM |
| | ) | |
| DEBORAH LOY LINDE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| IN RE | ) | |
| | ) | Case No.09-21206-TLM |
| MARK S. LOY and | ) | |
| MARY LISA LOY, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 10-07004-TLM |
| | ) | |
| MARK S. LOY and | ) | |
| MARY LISA LOY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF DECISION RE: FEES - 1

**MEMORANDUM OF DECISION**
_____

Before the Court is a question of the amount of attorneys' fees and costs to
be allowed a party who successfully obtained an order compelling discovery.  The
matter involves two separate but related adversary proceedings.  The issue is ripe
for decision.

**BACKGROUND**

Debra Loy Linde ("Linde") filed a voluntary chapter 7 petition for relief on
October 23, 2009, commencing Case No. 09-21178-TLM.  Mark and Mary Lisa
Loy ("Loys") filed a voluntary chapter 7 petition for relief on October 28, 2009,
commencing Case No. 09-21206-TLM.[1]

Linde's petition indicated that she had done business as Ponderosa
Enterprises, Bonanza Ford, Ponderosa Motors Nissan, which her statement of
financial affairs indicated were corporations or limited liability companies running
car dealerships, and as L&L Partners, a limited liability company engaged in real
estate investments according to that same statement.  Her schedule B (personal
property) indicated that Linde owned 51% of Bonanza Ford, 49% of Ponderosa
Enterprises, and 1/3 of L&L.  Her unsecured creditor schedule listed Bank of
America ("BofA") as the holder of a disputed $700,000 debt for "business

_____

[1]  Linde is Mark Loy's sister.

MEMORANDUM OF DECISION RE: FEES - 2

flooring."

The Loys' schedules asserted they owned 50% of Bonanza Ford and 50% of Ponderosa Enterprises/Ponderosa Nissan, and 1/3 of L&L Partners.  They listed a similar $700,000 "business debt" owed BofA, though without indicating the same was disputed.

On January 22, 2010, BofA commenced an adversary proceeding, No. 10-07004-TLM, against the Loys, and on February 8, 2010, an adversary proceeding, No. 10-07007-TLM, against Linde, raising issues *inter alia* of denial of discharge under § 727(a) and dischargeability of debt under § 523(a).[2]

The gravamen of the complaints is that Mark Loy and Deborah Linde were corporate officers and directors of Bonanza Ford, a car dealership for which BofA was the primary flooring lender and that they were engaged in and are liable for Bonanza's selling vehicles "out of trust" along with other conduct that BofA feels creates contractual and other liability.[3]  BofA contends that the indebtedness it is owed should be declared to be nondischargeable and that, given the conduct of the Debtors in their respective cases, their discharges should be denied under various provisions of § 727(a).

The Loys represent themselves in their adversary proceeding, No. 10-

---

[2]  Both complaints were timely filed, and have been answered.

[3]  BofA notes in the adversary complaints the existence of a judgment against Bonanza in excess of $739,000 and seeks that amount, plus any additional amounts proven at trial, in its § 523 litigation against Linde and the Loys.

MEMORANDUM OF DECISION RE: FEES - 3

07004-TLM.  Linde is represented by counsel, Daniel O'Rourke, in Adv. No. 10-

07007-TLM.  At a May, 2010, pretrial conference in the Loys' case, the Court

ordered discovery to be concluded within four months.  An April, 2010, pretrial

order in Linde's case required discovery to be concluded and pretrial motions to

be filed by August 12.[4]

On July 19, 2010, BofA filed a motion to compel responses to discovery

against the Loys and a similar motion against Linde.  Common to the two motions

was BofA's allegations that these Debtor/Defendants had failed and refused to

provide answers to discovery, including document production requests, and had

failed to cooperate in discovery from third parties with possession of records and

information related to the Bonanza dealership and business.  It also alleged that

both Linde and the Loys had refused to answer discovery directed to financial

records, and had instructed an accountant to refuse to respond to subpoena in

reliance on an accountant-client privilege existing under Idaho state law.

BofA filed its compulsion motions under Fed. R. Civ. P. 37, incorporated

by Fed. R. Bankr. P. 7037.  The same were heard on August 3, 2010.  After

argument, the Court granted the relief requested by BofA, overruling the Loys'

and Linde's objections and contentions, including those under the Idaho

---

[4]  The timing and details of the pretrial orders are not identical because there were
questions in the Loys' case about the possible involvement of counsel that had to be addressed.

MEMORANDUM OF DECISION RE: FEES - 4

accountant-client privilege.[5]

BofA also requested an award of attorneys' fees and costs in seeking and obtaining orders of compulsion. *See* Fed. R. Civ. P. 37(a)(5)(A), incorporated by Fed. R. Bankr. P. 7037.[6]  At hearing and as a part of its ruling, the Court ordered BofA to file an itemized statement of the costs and fees it requested within 10 days, and that the Loys and Linde would have 10 days thereafter to raise any objections to the same.[7]

BofA filed its required submissions on August 13, 2010.  *See* Adv. No. 10-07004-TLM, Doc. Nos. 29, 30; Adv. No. 10-07007-TLM, Doc. Nos. 24, 25.  The same were served on the Loys and on Linde's counsel.  There have been no responses, replies or objections of any sort filed by either the Loys or Linde.[8]  The

---

[5]  Fed. R. Evid. 501 controls in federal litigation, and provides that state law rules of privilege apply only when state law provides the rule of decision with respect to an element of a claim or defense.  The Idaho state law privilege, found in Idaho Rule of Evidence 515, was held to be inapplicable in the instant adversary proceedings.

[6]  The Rule states in pertinent part:

"If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

There are exceptions to this required award of costs and fees, *see* Rule 37(a)(5)(A)(i) - (iii), but the Court finds none of the exceptions are applicable.

[7]  Orders were subsequently entered.  *See* Adv. No. 10-07004-TLM at Doc. No. 31; Adv. No. 10-07007-TLM at Doc. No. 23.

[8]  Responses were due, per the Court's oral ruling and the later Orders, ten days after the

(continued...)

MEMORANDUM OF DECISION RE: FEES - 5

matter is thus ripe for decision.

**DISCUSSION AND DISPOSITION**

Rule 37(a)(5)(A) makes an award of fees and costs mandatory whenever a

compulsion motion is granted unless one of the exceptions to that rule is found to

apply.[9]  As one bankruptcy court has noted:

> The great operative principle of [this Rule[10]] is that the loser pays.  Fee
> shifting when the judge must rule on discovery disputes encourages
> their voluntary resolution and curtails the ability of litigants to use legal
> processes to heap detriments on adversaries (or third parties) without
> regard to the merits of the claims.

*Kipperman v. Quiroz (In re Commercial Money Ctr.)*, 2006 WL 6589751, at *5

(Bankr. S.D. Cal. June 29, 2006) (quoting *Rickels v. City of South Bend, Indiana*,

33 F.3d 785, 786-87 (7th Cir. 1994)).  The Rule "presumptively requires every

loser to make good the victor's costs."  *Rickels*, 33 F.3d at 786.[11]  And, as

observed by another court:  "Although such awards are often described as

sanctions, the presumption in favor of such awards makes them more in the nature

---

[8](...continued)
bills of costs and fees were filed, or here by August 23.  As of the date of this Decision, nothing
has been filed.

[9]  Similarly, a party successfully resisting a discovery compulsion motion is entitled to
award of its fees and costs under Rule 37(a)(5)(B), though that situation is not presented here.

[10]  The citation was to Rule 37(a)(4), a predecessor to current Rule 37(a)(5).

[11]  The "loser pays" approach of the Rule is ameliorated by the flexibility granted the
Court in situations where the loser's ultimately unsuccessful opposition is found "substantially
justified," or where circumstances make the award unjust, or where the compulsion motion was
filed before the movant made a good faith attempt to obtain the discovery without court action.
*See* Rule 37(a)(5)(A)(i)-(iii).  As noted earlier, none of those situations are presented here.

MEMORANDUM OF DECISION RE: FEES - 6

of a cost of doing business in the arena of discovery disputes." *Barton Bus. Park Assocs. v. Alexander (In re Barton Bus. Park Assocs.)*, 118 B.R. 776, 780 (Bankr. E.D. Cal. 1990).  The Rule does require, however, that the award be made only "after giving an opportunity to be heard," something accomplished here by allowing a period for the Loys and Linde to respond to BofA's detailed fee submissions.  *Accord Jarvar v. Title Cash of Montana, Inc. (In re Jarvar)*, 2010 WL 1328222 (Bankr. D. Mont. Mar. 30, 2010).

The absence of response would allow the Court to award up to the amounts of fees and costs requested, because neither the Loys nor Linde raised any objection to the nature or asserted amount of those claimed fees or expenses.  However, the absence of response does not compel the Court to accept and award the amounts asserted by BofA.  Rather, the requirement in Rule 37(a)(5)(A) that the award be of "reasonable expenses" invokes the Court's discretion, following its review of the fees and costs asserted, in establishing the proper amount.  *See generally* 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice & Procedure* § 2288 (3d ed. 2010).[12]

The first consideration, in addressing the reasonable amount of fees and costs asserted, is to recognize that the Rule is self-limiting.  It does not allow for recovery of all fees and expenses related to all discovery, or even to all fees and

---

[12] *See also Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978) (noting that imposition of discovery sanctions is discretionary).

MEMORANDUM OF DECISION RE: FEES - 7

expenses related to the disputed discovery.[13]  Instead, the Rule allows an award of

the reasonable expenses "incurred in making the motion."  While this extends

beyond the mere drafting and filing of the compulsion motion and the hearing

thereon, care should be taken not to extend the reach of this cost-shifting rule

beyond its intended scope and purpose which, as discussed above, is to encourage

consensual resolution of discovery disputes rather than involving the Court.  The

function of the Rule is to compensate the successful party when recourse to the

Court is required, and for the reasonable expenses "incurred in making [that]

motion."

    The second consideration is that the applicant for such an award must bear

the burden of providing adequate detail to allow for effective judicial review.  In

this regard, clarity is required.  One impediment to such review often found in fee

submissions, including some of those here, is the "lumping" of an attorney's

services on a given day into a single entry with a single charge, even where

several discrete services are involved.  As this Court noted in *Charterhouse Boise*

*Downtown Props., LLC, v. Boise Tower Assocs., LLC, (In re Charterhouse Boise*

*Downtown Props., LLC)*, 2010 WL 1049968 (Bankr. D. Idaho Mar. 17, 2010), an

attorney can chose whatever format for fee billings she prefers, but if expecting

others to pay and the Court to compel payment, she must expect to account for

---

[13]  *Accord Tollett v. City of Kemah*, 285 F.3d 357, 367-68 (5th Cir. 2002).

MEMORANDUM OF DECISION RE: FEES - 8

legal services with sufficient precision to allow for effective judicial review. *Id.* at *4 n.4. The "lumping" of services, or "block billing," defeats such a review. *Id.* at *4; *see also Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 532-33, 08.4 I.B.C.R. 155, 159-60 (Bankr. D. Idaho 2008); *In re Jones*, 356 B.R. 39, 45-46 (Bankr. D. Idaho 2005).

In exercising its discretion over the matter, and in applying these principles in its review of BofA's itemized costs and fees, the Court will make some reductions from the total amounts requested.[14]

The following time entries are disallowed on the basis that, from their timing and description, they relate more to overall discovery work than to the making and successful prosecution of the instant motions to compel:

Adv. No. 10-07004 (Loy):

| | |
|---|---|
| Joint entries[15] | 4/9/10; 4/10/10 (3 entries); 4/14/10; 4/28/10; 5/5/10 |
| Direct entries[16] | 6/10/10 |

Adv. No. 10-07007 (Linde):

| | |
|---|---|
| Joint entries | 4/9/10; 4/10/10 (3 entries); 4/14/10; 4/28/10; 5/5/10 |

---

[14] BofA requests a total of $6,508.35 from the Loys ($6,371.25 in fees and $137.10 in costs) and $6,399.35 from Linde ($6,262.25 in fees and $137.10 in costs). *See* Adv. No. 10-07004-TLM, Doc. No. 29 at 5; Adv. No. 10-7007-TLM, Doc. No. 24 at 5.

[15] A number of the itemized time entries apply to both adversary proceedings, and BofA has suggested that these "joint entries" be assessed half to the Loys and half to Linde, an approach the Court will adopt.

[16] Direct entries reflect services that related to only one of the adversary proceedings and its Debtor/Defendants.

MEMORANDUM OF DECISION RE: FEES - 9

Direct entries        4/14/10 (second entry); 4/15/10; 4/20/10

The impact of these adjustments is to reduce the "joint" fees by $1,452.00, or

$726.00 for the Loys and $726.00 for Linde.  Additionally, the "direct" fees

against the Loys will be reduced by $55.00, and those against Linde by $290.00.

Further, the following "joint" entries will be reduced, to the extent noted,

because the lumping involved and other issues with the described services makes

it impossible for the Court to conclude that the entire amount claimed is

reasonable.[17]

7/9/10        2.8 hrs at $190.00/hr – Reduce by 1.4 hrs ($266.00)

7/14/10        7.3 hrs at $190.00/hr – Reduce by 4.0 hrs ($760.00)

7/19/10        6.9 hrs at $190.00/hr – Reduce by 5.0 hrs ($950.00)

8/2/10        3.8 hrs at $190.00/hr – Reduce by 2.0 hrs ($380.00)

8/3/10        4.0 hrs at $275.00/hr – Reduce by 2.0 hrs ($550.00)

This constitutes a total reduction in joint entries of $2,906.00, which will result in

reductions of $1,453.00 for the Loys and $1,453.00 for Linde.  In addition, the

following "direct" entry regarding Linde will be reduced:

_____

[17]  Of course, lumping impedes review, and can result in denial of the entire entry.
However, in reviewing the descriptions of services rendered in the described lumped entries, and
in considering the entirety of the record, the Court concludes that some compensable work was
performed.  The Court therefore attempts to evaluate how much of that work should be
compensated.  In general, these entries suggest excessive and unreasonable time spent.  While the
Court does not take issue with the hourly rates for the attorneys involved, such rates require some
concomitant efficiency in completion and performance of work.  That showing is lacking here,
especially given the Court's review of the filings of record, and its review of the balance of the
itemizations which reflect additional, similarly described work by the same lawyer, and also
supervisory or review work by partners.

MEMORANDUM OF DECISION RE: FEES - 10

7/12/10        3.6 hrs at $190.00/hr – Reduce by 2.0 hrs ($380.00).

With the exception of the foregoing reductions, all other fees claimed by BofA will be allowed, there being no objection raised by Defendants and the Court independently raising none.

Finally, the Court must determine, as to the adversary proceeding against Linde, whether the award will be assessed against Linde, her counsel, or both. *See* Rule 37(a)(5)(A) (". . . the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses[.]")  In this case, Linde's counsel advocated the application of Idaho Rule Evid. 515 and the accountant-client privilege, but had no cogent argument or authority to support that application in light of Fed. R. Evid. 501 and the authorities construing the same.[18]  Similar problems attended the other arguments he unsuccessfully advanced.  The Court concludes that counsel for Linde shall be jointly responsible for the fees and costs awarded BofA in connection with the compulsion motion against Linde.

**CONCLUSION**

Consistent with the foregoing, the Court will award BofA, under Rule

---

[18]  Counsel made attempts to distance himself from the assertion of the state law privilege, such as indicating that it was a position advanced "based upon the advice of [Linde's] non-bankruptcy counsel."  *See* Adv. No. 10-07007-TLM at Doc. No. 16.  Similar deflection was attempted, unsuccessfully, during oral argument.  Counsel, of course, is responsible for all the positions taken and urged in this litigation.  *See* Fed. R. Bankr. P. 9011(b).  The efforts to shift that responsibility are unavailing.

MEMORANDUM OF DECISION RE: FEES - 11

37(a)(5)(A), fees of $4,137.25 and costs of $137.10 to be paid by the Loys, and

fees of $3,413.25 and costs of $137.10 to be paid by Linde and her counsel.

Appropriate orders may be submitted by BofA for entry.

DATED:  September 9, 2010



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION RE: FEES - 12

## <u>CERTIFICATE OF SERVICE</u>

A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

Mark S. Loy
Mary Lisa Loy
12394 Avondale Loop
Hayden, ID 83835

Case No. 10-07004-TLM

Dated: September 9, 2010


_____/s/_____
Suzanne Hickok
Law Clerk to Chief Judge Myers

MEMORANDUM OF DECISION RE: FEES - 13